UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carsten J. Quinlan,                                    Civil No. 25-3245 (DWF/EMB)

        Plaintiff,

v.                                                     **MEMORANDUM**
                                                       **OPINION AND ORDER**

FD Software Enterprises, LLC; SaVia
Health, Inc.; and Schneider National, Inc.,

        Defendants.


## INTRODUCTION

This matter is before the Court on three motions to dismiss *pro se* Plaintiff Carsten Quinlan's amended complaint filed separately by Defendants SaVia Health, Inc. ("SaVia Health") (Doc. No. 42), FD Software Enterprises, LLC ("FD Software") (Doc. No. 47), and Schneider National, Inc. ("Schneider National") (Doc. No. 52).  For the reasons set forth below, the Court grants the motions.

## BACKGROUND

Quinlan alleges that in January 2023, he was wrongfully charged with serious criminal offenses stemming from fabricated allegations of domestic violence and child sexual abuse by his ex-wife during a custody and divorce dispute.  (Doc. No. 40 ("Am. Compl.") ¶¶ 3, 21.)  Despite his eventual acquittal in April 2024, Quinlan alleges that his reputation and career prospects did not recover and that the cloud of the criminal accusations followed him and undermined his credibility and employability.  (*Id.* ¶¶ 23-24.)

On March 21, 2023, Quinlan received a written offer of employment from Defendant FD Software, a Pennsylvania-based technology company.  (*Id.* ¶ 29; Doc. No. 33-1.)[1]  The offer was for a position as a software engineer with an anticipated start date of April 3, 2023.  (Doc. No. 33-1 at 1.)  FD Software explained that it is an "at-will" employer, meaning Quinlan's employment could be "terminated at any time, with or without cause, and with or without notice."  (*Id.*)  Further, Quinlan's offer was explicitly conditioned on him passing a drug test and background check.  (*Id.*)  Quinlan signed the offer on March 21, 2023.  (*Id.* at 4.)  FD Software conducted a background check that disclosed then-pending criminal charges in Minnesota.  (Am. Compl. ¶ 31.)  FD Software rescinded its offer.  (*Id.* ¶ 32.)

In or around May 2023, Quinlan started working for Defendant SaVia Health.  (*Id.* ¶ 36.)  SaVia Health is a Delaware corporation operating in Utah.  (*Id.*)  Quinlan alleges that SaVia Health became aware of the pending criminal charges.  (*Id.* ¶ 37.)  On or around August 15, 2023, citing performance-related issues, SaVia Health terminated his employment.  (*Id.* ¶ 38.)

In April 2024, Quinlan was acquitted of the criminal charges at trial.  (*Id.* ¶ 3.) In 2025, Quinlan obtained a commercial driver's license.  (*Id.* ¶¶ 25, 53-54.)  In July 2025, he applied for a job with Defendant Schneider National, a national transportation company headquartered in Wisconsin.  (*Id.* ¶ 55.)  On or around August 1, 2025, Quinlan received a conditional offer of employment from Schneider National for a truck driving

---

[1]    The Court can consider materials embraced by the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

position.  (*Id.* ¶ 56.)  During an onboarding call, a recruiter questioned Plaintiff about his

criminal background.  (*Id.* ¶ 58.)  The recruiter specifically asked about the prior criminal

case referenced above and Quinlan explained the circumstances of the case and that he

had been acquitted.  (*Id.*)  The recruiter told Quinlan that Schneider National would not

be moving forward with his employment.  (*Id.* ¶ 59.)

On August 12, 2025, Quinlan brought this action *pro se.*  (Doc. No. 1.)

Defendants each moved to dismiss the original complaint.  (Doc. Nos. 18, 26, 31.)  On

October 14, 2025, Quinlan filed the amended complaint, asserting claims against

Defendants for negligent infliction of emotional distress, promissory estoppel/detrimental

reliance, wrongful discriminatory employment practices, and declaratory relief based on

constitutional principles of fairness and due process.[2]  (Am. Compl. ¶¶ 66-100.)  Quinlan

claims that, as a result of Defendants' employment actions, he has suffered significant

financial harm, including the loss of employment opportunity, lost income, reputational

damage, and emotional distress.  (*Id*. ¶¶ 103-04.)  Each Defendant moves separately to

dismiss Quinlan's claims in their entirety for failure to state a claim under Rule 12(b)(6).

(Doc. Nos. 42, 47, 52.)

**DISCUSSION**

**I.      Motions to Dismiss**

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in

the complaint to be true and construes all reasonable inferences from those facts in the

---

[2]     Because Quinlan has filed an amended complaint, Defendants' prior motions to
dismiss are moot.

light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may also consider certain matters outside of the pleadings, including matters of public record or materials embraced by the complaint. *See Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

In addition, the Court notes that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even so, a *pro se* complaint must allege facts, and not just bare, unsupported legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

4

## II.    Negligent Infliction of Emotional Distress

To state a claim for negligent infliction of emotional distress ("NIED"), a plaintiff must allege facts plausibly demonstrating the four elements of a negligence claim—duty, breach, injury, and causation—plus three elements specific to NIED. *Engler v. Illinois Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). These additional elements are that plaintiff: "(1) was within the zone of danger of physical impact created by the defendant's negligence; (2) reasonably feared for [his] own safety; and (3) consequently suffered severe emotional distress with attendant physical manifestations." *Id.* (citation modified).

"[T]he existence of a duty of care is a threshold requirement. Without it, liability cannot attach." *Williams v. Smith*, 820 N.W.2d 807, 816 (Minn. 2012). Quinlan alleges that each Defendant owed him a duty "to exercise reasonable care in evaluating his employment status and qualifications, and in handling sensitive background information concerning unadjudicated or resolved criminal allegations" and "to treat him in a fair, reasonable, and non-arbitrary manner, consistent with the foundational principle of the presumption of innocence." (Am. Compl. ¶¶ 67-68.)

In *Williams*, the Minnesota Supreme Court concluded that there was no duty of care to a prospective employee that would give legal protection against the employer's alleged negligence. 820 N.W.2d at 818-19. Here, FD Software explained that it was an "at-will" employer and extended an offer to Quinlan that was explicitly conditioned on Quinlan passing a background check. Similarly, Scheider National extended Quinlan a conditional offer. And even though SaVia Health was Quinlan's actual employer,

5

Quinlan's employment with SaVia Health was at-will. *See Friedman v. BRW, Inc.*, 40 F.3d 293, 296 (8th Cir. 1994) ("[A]bsent a contrary agreement by the parties, employment is presumed to be at-will."). As an at-will employee, Quinlan's employment could be terminated "for any reason or for no reason at all." *Id.*[3] Thus, Quinlan cannot show that SaVia Health owed him a duty of care that would require SaVia Health to confirm wrongful allegations or not base its employment decisions on mistaken information. *See, e.g., Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012) (considering whether a failure to conduct a sufficient investigation could establish pretext in a discrimination case; explaining that "[t]he appropriate scope of an internal investigation . . . is a business judgment, and [courts] do not review the rationale behind such a decision"). In short, Quinlan has not alleged any facts that would establish that any Defendant owed him a duty of care.

Further, even if FD Software or SaVia Health had a duty of care, Quinlan has not alleged facts that would show negligence. Accepting Quinlan's allegations that the pending criminal charges were the reason for his rescinded job offer from FD Software and termination from SaVia Health, Quinlan was not acquitted of criminal charges until several months after those employment decisions were made. These Defendants could not have negligently failed to account for information that was not available. And

---

[3]    There are exceptions to this rule created by statue or at common law, but Quinlan has not shown that any such exception applies to the facts of this case. *See, e.g., Williams*, 820 N.W.2d at 818 (holding that there was no duty of care between a plaintiff and his prospective employer because the parties' "relationship in negotiating potential employment was not a professional, fiduciary, or special legal relationship").

without the fact of the acquittal, Defendants had no way of knowing that Quinlan was not going to be found guilty.

A claim of NIED also requires facts showing that Quinlan "was within the zone of danger of physical impact created by the defendant's negligence." *Engler*, 706 N.W.2d at 767 (citation modified). Courts have not extended NIED liability "to one who is not personally in physical danger." *Stadler v. Cross*, 295 N.W.2d 552, 553-54 (Minn. 1980); *Engler*, 706 N.W.2d at 770 ("[A] plaintiff may recover damages for distress caused by fearing for another's safety or witnessing serious injury to another *if the plaintiff can prove that [he, among other things] . . . was in the zone of danger of physical impact . . . .*" (emphasis added)). Here, Quinlan's complaint centers on each Defendant's employment decision. None of these decisions created a "zone of danger" within which Quinlin was at risk of being physically harmed.

Because Quinlan has failed to adequately allege a duty of care, negligence as to FD Software and SaVia Health, or that he was in a zone of danger, his NIED claims fail.

## III.    Promissory Estoppel

There are three elements to a promissory estoppel claim: "(1) the promisor made a clear and definite promise, (2) the promisor intended to induce reliance and such reliance occurred, and (3) the promise must be enforced to prevent an injustice." *Satanic Temple v. City of Belle Plaine*, 80 F.4th 864, 870 (8th Cir. 2023). To state a claim for promissory estoppel in the employment context, a plaintiff must allege facts showing a clear and definite promise of long-term employment terminable only for cause.

*Friedman*, 40 F.3d at 297. "Absent such a promise, the employee has no reasonable basis for relying on anything other than an at-will relationship." *Id.*

Here, Quinlan has not alleged the offers extended by Scheider National and FD Software or his employment at SaVia Health involved anything other than "at-will" employment positions. Indeed, Quinlan expressly alleges that Schneider National extended a conditional offer and has alleged no facts suggesting the position would be long-term and terminable only for cause. (Am. Compl. ¶ 78.) FD Software explained that it was an "at-will" employer and that its offer was conditioned on Quinlan successfully completing a background check. (Doc. No. 33-1 at 1.) As to SaVia Health, Quinlan alleges that he was employed for approximately three months and that he "relied on the continued stability of the position." (Am. Compl. ¶ 40.) This, however, does not establish a factual basis to infer that SaVia Health promised Quinlan long-term employment terminable only for cause. *See, e.g.*, *Kuklenski v. Medtronic USA, Inc.*, 635 F. Supp. 3d 726, 741 (D. Minn. 2022) (explaining employee alleged no facts suggesting a promise of long-term employment terminable only by cause and therefore had no basis to rely on anything other than being an at-will employee).[4]

---

[4] Quinlan relies on *Grouse v. Grp. Health Plan, Inc.*, 306 N.W.2d 114 (Minn. 1981). In *Grouse*, the court applied promissory estoppel in a case where a pharmacist accepted an offer of at-will employment, resigned from his current job, and declined an offer from another employer, before he discovered his offer had been rescinded. *Id.* at 115-16. That court's holding was limited to the facts of the case, and the facts here are distinguishable. First, in *Grouse*, the offer was not conditional, as were the offers at issue here. In addition, while the Court does not address the remaining elements of Quinlan's promissory estoppel claim, the Court notes that Quinlan did not allege that resigned from any current employment or that he passed on any other concrete job opportunities.

Accepting Quinlan's allegations as true, the Court concludes that he fails to allege a promise sufficient to support his promissory estoppel claim against any Defendant and the claim is properly dismissed.

## IV.   "Wrongful Discriminatory Employment Practices in Violation of Public Policy"

In Count III, Quinlan states a claim for wrongful employment practices in violation of public policy.  (Am. Compl. at 13.)  Quinlan alleges that each Defendant engaged in adverse employment actions—rescissions of offers and termination of employment—based on his pending criminal-charges, constituting discrimination that violates public policy.  (*Id.* ¶¶ 85-88.)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is not sufficient.  *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (citation modified).  In addition, the Court is not required to accept a plaintiff's legal conclusions.  *Westcott*, 901 F.2d at 1488.  Here, Quinlan has not identified any statute, law, regulation, or specific public policy in support of this claim.  Nor has he presented any factual assertions that are sufficient to withstand dismissal.  For this reason alone, this claim is properly dismissed as it is asserted against each Defendant.

Further, to the extent that Quinlan attempts to allege a wrongful discharge claim against SaVia Health, that claim also fails.  There is a narrow public policy exception to

the employment at-will doctrine. *See Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 150-51 (Minn. 2014). However, that exception only applies where a termination is the result of an employee's "refusal to commit an act that [the employee], in good faith, believed to be illegal." *Id.* at 151. Quinlan has not made any factual allegation to support the application of that exception.

**V.     Declaratory Relief**

In Count IV, Quinlan requests "declaratory relief pursuant to 28 U.S.C. § 2201, seeking a judicial determination of Plaintiff's rights under federal constitutional principles, including the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment." (Am. Compl. ¶ 92.)

The Declaratory Judgment Act does not provide an affirmative cause of action where one does not otherwise exist; it creates a procedure for adjudicating existing rights. *W. Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968); *Doe v. Univ. of St. Thomas*, 240 F. Supp. 3d 984, 989 (D. Minn. 2017). In the amended complaint, Quinlan states that "current statutory frameworks do not expressly prohibit discrimination based on past criminal accusations." (Am. Compl. ¶ 98.) Because, as Quinlan concedes, there is no underlying substantive right implicated, this claim fails.

In addition, Quinlan references the Fourteenth Amendment, which provides, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment constrains state—not private—action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922,

924 (1982). Here, Defendants are all private employers and Quinlan pleads no facts that could transform them into state actors to which the Fourteenth Amendment would apply. For this additional reason, this claim fails to state a claim and is properly dismissed.

## CONCLUSION

For the reasons discussed above, the Court concludes that Quinlan's claims are all properly dismissed. Because Quinlan has already once amended his complaint and, under the facts alleged, cannot state a viable claim, the Court dismisses his claims with prejudice.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant SaVia Health, Inc.'s motion to dismiss (Doc. No. [42]) is **GRANTED**.

2. Defendant FD Software Enterprises, LLC's motion to dismiss (Doc. No. [47]) is **GRANTED**.

3. Defendant Schneider National, Inc.'s motion to dismiss (Doc. No. [52]) is **GRANTED**.

4. Defendants' motions to dismiss Plaintiff's original complaint (Doc. Nos. [18], [26], [31]) are **DENIED AS MOOT**.

5.       Plaintiff Carsten J. Quinlan's amended complaint (Doc. No. [40]) is

**DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 16, 2026                        s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge

12